IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRIANNA NEAL, Individually and as
Parent of M.N., a minor child, and TYANNA STILES,

    Plaintiffs,

vs.                                                    No.: _____

STONE TRUCK LINE, INC., a foreign corporation,
and ARLEEN SANDOVAL,

    Defendants.

## COMPLAINT FOR PERSONAL INJURY

COMES NOW Plaintiffs BRIANNA NEAL, Individually and as parent of M.N., a minor child, and TYANNA STILES, ("Plaintiffs") and files their Complaint against STONE TRUCK LINE, INC. and ARLEEN SANDOVAL ("Defendants").

## NATURE OF CASE

1. This is a negligence and negligence per se cause of action to recover damages arising from the automobile and tractor trailer crash which occurred on January 31, 2020 on Interstate 40 near mile marker 101 in Cibola County, New Mexico.

## PARTIES, JURISDICTION AND VENUE

2. Brianna Neal resides in Springfield, Missouri.

3. M.N. is a minor child residing in Springfield, Missouri. This matter is brought on his behalf by Brianna Neal, his mother and legal guardian.

4. Tyanna Stiles resides in Oklahoma.

5. Upon information and belief, at all times relevant to the Complaint, Defendant Stone Truck Line, Inc. was a foreign corporation engaged in the business of interstate trucking,

doing business in and traveling over the highways of the State of New Mexico. Stone Truck Line, Inc.'s principal place of business is Fresno, California.

6. At all times relevant to this case, Stone Truck Line, Inc. was a motor carrier operating under the authority of the Federal Motor Carrier Safety Administration with United States Department of Transportation permit number 1133795.

7. Upon information and belief, at all times relevant to the Complaint, Defendant Arleen Sandoval was an individual domiciled in Louisiana, and was an owner, agent, employee, operator, and/or servant of the corporate Defendant and was acting within the course and scope of her employment or agency with them.

8. Venue is proper in Cibola County, New Mexico, pursuant to NMSA 1978 Section 38-3-1, because the collision at issue occurred there.

9. This Court has jurisdiction over the Plaintiffs' claims pursuant to Article VI of the New Mexico Constitution and the New Mexico long-arm statute, NMSA 1978, § 38-1-16.

10. There exists a diversity in citizenship between the Plaintiffs and Defendants and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00). This Court therefore has original jurisdiction pursuant to 28 U.S. Code § 1332.

## FACTS COMMON TO ALL COUNTS

11. During all times relevant to this case, Defendant Stone Truck Line, Inc. was the owner and motor-carrier operator of the tractor-trailer involved in the crash.

12. Defendant Sandoval operated the tractor-trailer under Stone Truck Line, Inc.'s full direction and control.

13. Defendant Stone Truck Line, Inc. remained at all times responsible for safe operation of the tractor-trailer and is responsible as a matter of law for Defendant Sandoval's conduct

in operating it under the doctrine of *Respondeat Superior*.

14. On January 31, 2020, at approximately 4:48 AM, Defendant Sandoval was driving across New Mexico westbound on Interstate 40, acting within the course and scope of his employment, in a 2015 Volvo tractor-trailer, white in color, bearing license plate number XP20590 (hereinafter the "towing tractor-trailer").

15. The tractor-trailer was towing another tractor-trailer in a backwards-facing "piggy-back" method. The front of the towed tractor-trailer was facing towards rear traffic. The front bumper of the towed tractor-trailer was missing. None of its lights remained and no reflective material was present.

16. Upon information and belief, there was an inoperable light bar affixed to the front of the towed tractor-trailer at the time of the collision. As such, no part of the towed tractor-trailer was illuminated and, in the dark, it was invisible to other drivers.

17. Near mile marker 101 on westbound Interstate 40, the tractor-trailer was traveling at approximately 45 miles per hour. The posted speed for the highway is 75 miles per hour. Gregory Neal, the driver of the 2019 Dodge Caravan containing Brianna Neal, M.N. and Tyanna Stiles, was traveling behind the tractor-trailer at a rate of approximately 70 miles per hour.

18. Gregory Neal was unable to see the tractor-trailer. The front of his vehicle collided into the front of the towed tractor-trailer.

19. As a result of the collision, Plaintiffs suffered serious bodily and emotional injuries as further described herein.

## DAMAGES

20. As a direct and proximate result of the negligence and omissions of the Defendants as

more particularly described herein, Plaintiffs have each suffered damages as follows:

    a. Brianna Neal was involved in the collision and her damages include, but are not limited to: medical bills, future medical bills, loss of household services, lost wages, emotional distress, as well as pain and suffering in the past and in the future.

    b. M.N. was involved in the collision and his damages include, but are not limited to: medical bills, future medical bills required for his lifetime care, loss of enjoyment of life, loss of future earning capacity, emotional distress, as well as pain and suffering in the past and in the future.

    c. Tyanna Stiles was involved in the collision and her damages include, but are not limited to: medical bills, future medical bills, loss of household services, lost wages, emotional distress, as well as pain and suffering in the past and in the future.

## COUNT I: NEGLIGENCE

21. Plaintiffs adopt and incorporates all other paragraphs of this Complaint for purposes of this claim.

22. Defendant Stone Truck Line, Inc. is responsible for the acts and omissions of Sandoval pursuant to the doctrine of respondeat superior.

23. Defendant Sandoval owed the Plaintiffs a duty of ordinary care to operate the Stone Truck Line, Inc. tractor-trailer he was operating at the time of the crash in a safe manner.

24. Defendant Sandoval breached her duty by, among other things:

    a. Driver fatigue, incompetence, or inattention;

    b. Driving at an unsafe speed;

    c. Failing to exercise due care in the operation and maintenance of the Stone Truck Line, Inc. towing tractor-trailer she was operating;

    d. Failing to operate the Stone Truck Line, Inc. towing tractor-trailer in a safe and reasonable manner and under control in light of the circumstances;

    e. Failing to tow the towed tractor-trailer in a safe and reasonable manner;

    f. Driving carelessly, including through the failure to give her full time and entire attention to the operation of the Stone Truck Line, Inc. towing tractor-trailer, and operating the towing tractor-trailer in a careless, inattentive or imprudent manner without due regard for the width, grade, curves, corners, traffic, weather and road conditions and all other attendant circumstances; and

    g. Otherwise acting without the reasonable care required of her under the circumstances.

25. Defendant Sandoval's breach of these duties was the direct and proximate cause of the injuries to, and the damages incurred by, the Plaintiffs.

26. Defendant Sandoval was Stone Truck Line, Inc.'s statutory employee, employee-in-fact, and agent at the time of the crash. Defendant Sandoval was operating Stone Truck Line, Inc.'s tractor-trailer in the course and scope of her employment with the corporation at the time of the crash, and Stone Truck Line, Inc. otherwise authorized, participated in, and ratified her conduct.

27. Defendant Stone Truck Line, Inc. is liable for the damages caused by any and all of Defendant Sandoval's wrongful acts and omissions related to the injuries to the Plaintiffs.

**COUNT II: NEGLIGENCE PER SE**

28. Plaintiffs adopt and incorporate all other paragraphs of this Complaint for purposes of this claim.

29. Defendant Stone Truck Line, Inc. is negligent per se for Sandoval's failure to comply with all safety rules and violations of federal and state statutes, regulations, codes, and ordinances governing the operation and maintenance of vehicles upon interstate and New Mexico roadways.

30. Defendant Stone Truck Line, Inc.'s negligence per se was the direct and proximate cause of Plaintiffs' injuries and damages.

### COUNT III: CLAIM FOR NEGLIGENT HIRING, TRAINING, AND SUPERVISION AGAINST STONE TRUCK LINE, INC.

31. Plaintiffs adopt and incorporate all other paragraphs of this Complaint for purposes of this claim.

32. Defendant Stone Truck Line, Inc. had a duty to exercise ordinary care in the hiring, training, and supervision of its employees in a manner that provided for the safe operation of a commercial tractor-trailer in compliance with all relevant federal and state statutes, rules, regulations, codes, and ordinances.

33. Defendant Stone Truck Line, Inc. knew or should have known that Sandoval lacked adequate training and experience to safely operate a commercial tractor-trailer in compliance with all relevant federal and state statutes, rules, regulations, codes, and ordinances.

34. Defendant Stone Truck Line, Inc., because they knew or should have known of the lack of supervision, experience, and training of Defendant Sandoval, also had reason to know that Sandoval was likely to harm members of the general public traveling on roadways, including Plaintiffs.

35. Defendant Stone Truck Line, Inc., through its employees and agents, intentionally, willfully, recklessly, or negligently did not use the ordinary care of a reasonably prudent entity by committing acts and omissions including the following:

    a. Choosing not to have or enforce adequate policies and procedures relating to the safe operation of a commercial tractor-trailer in compliance with all relevant federal and state statutes, rules, regulations, codes and ordinances;

    b. Choosing not to conduct adequate training of supervisors, staff, or drivers to prevent unsafe operation of a commercial tractor trailer;

    c. Choosing not to adequately supervise to prevent unsafe operation of a commercial tractor trailer by its drivers;

    d. Choosing not to take adequate steps to safely operate or maintain the tractor-trailers operated by its drivers;

    e. Failing to monitor fitness to operate a tractor-trailer in interstate travel; and

    f. Otherwise failing to act with the reasonable care required of it under the circumstances.

36. In failing to exercise reasonable care in the hiring, training, and supervision of their employees, including Defendant Sandoval, relative to their ability to safely operate a commercial tractor-trailer, Defendant breached its duties and was negligent.

37. The negligence of Defendant Stone Truck Line, Inc. proximately caused Plaintiffs' injuries.

**COUNT IV:  STONE TRUCK LINE, INC.'S NEGLIGENT ENTRUSTMENT**

38. Plaintiffs adopt and incorporate all other paragraphs of this Complaint for purposes of this claim.

39. Defendant Stone Truck Line, Inc. gave Defendant Sandoval permission to operate a tractor-trailer for the company.

40. Defendant Stone Truck Line, Inc. knew or should have known that Defendant Sandoval was likely to use the tractor-trailer or otherwise conduct herself in operating and maintaining it in such a manner as to create an unreasonable risk of harm to others.

41. Defendant Sandoval was negligent in the operation of the tractor-trailer she operated for Stone Truck Line, Inc.

42. Defendant Sandoval's negligence was a cause of the injuries to the Plaintiffs.

43. Defendant Stone Truck Line, Inc.'s negligent entrustment of Defendant Sandoval to drive for the company was a direct and proximate cause of the Plaintiffs' injuries.

44. Defendant Stone Truck Line, Inc.'s acts and omissions related to entrusting Defendant Sandoval with the tractor-trailer were reckless, willful, and wanton.

## COUNT V:  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiffs adopt and incorporate all other paragraphs of this Complaint for purposes of this claim.

46. Brianna Neal is the biological mother of M.N.

47. At the time of the collision with the Stone Truck Line, Inc. towing tractor-trailer operated by Sandoval, Brianna Neal was twenty-nine (29) weeks pregnant with M.N.

48. The collision with the Stone Truck Line, Inc. towing tractor-trailer operated by Defendant Sandoval prematurely induced Brianna Neal to go into labor. As a result, M.N. was born prematurely.

49. M.N.'s premature birth resulted in several health complications, including respiratory distress. His premature birth also places him at risk for impaired neurodevelopmental outcomes.

50. Brianna Neal crash suffered severe emotional distress by way of her son's premature birth and subsequent health complications.

51. Defendants' negligence was the direct and proximate cause of M.N.'s premature birth and subsequent health complications. Defendants' negligence was therefore the direct and proximate cause of Brianna Neal's emotional distress.

## COUNT VI: PUNITIVE DAMAGES

52. Plaintiffs adopt and incorporate all other paragraphs of this Complaint for purposes of this claim.

53. The acts and omissions of Defendants were willful, wanton, and in reckless disregard of the rights of the Plaintiffs.

54. Defendants therefore should be held responsible for punitive damages beyond the other damages set out herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. Judgment jointly and severally against all Defendants on all claims;

B. Monetary damages, including punitive damages, in an amount to be determined at trial;

C. Pre-judgment and post-judgment interest;

D. An award of its attorneys' fees, costs, and expenses in bringing this lawsuit; and

E. All other relief that law and justice require.

**TRIAL BY JURY IS HEREBY DEMANDED**

Respectfully submitted,

DATHAN WEEMS LAW FIRM, LLC

*/s/ Dathan Weems*
Dathan L. Weems
108 Wellesley Drive SE
Albuquerque, NM 87106
(505) 247-4700
Attorney for Plaintiffs