**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BRIANNA NEAL, *individually and as parent of M.N., a minor child,* and TYANNA STILES,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　No. 1:22-cv-00415-MIS-GJF

STONE TRUCK LINE, INC., and ARLEEN SANDOVAL,

    Defendants.

**ORDER ADOPTING IN PART AND FINDING AS MOOT IN PART MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Magistrate Judge's Sealed Proposed Findings and Recommended Disposition (PFRD) Recommending Approval of Settlement Agreement, issued on September 12, 2023, ECF No. 63, and the parties' Amended Joint Motion for Approval of the Settlement of Minor's Claims ("Amended Joint Motion to Approve Settlement"), ECF No. 70.  On July 17, 2023, the parties filed their original Joint Motion for Approval of the Settlement of Minor's Claims ("Original Motion to Approve Settlement").  ECF No. 57.  On September 12, 2023, the Honorable Gregory J. Fouratt, United States Magistrate Judge, filed his PFRD recommending that the Court grant the Original Motion to Approve Settlement and approve the parties' settlement agreement.  See ECF No. 63 at 1, 11-12.  Judge Fouratt found that the proposed settlement was fairly and honestly negotiated and that serious questions of law and fact exist, which, in the absence of this settlement, place the ultimate outcome of this litigation in doubt.  Id. at 8-9.  In addition, Judge Fouratt found that the value of an immediate recovery through this settlement outweighs the mere possibility of future relief through what would be protracted and expensive litigation, and in the judgment of all the parties, this settlement is fair and reasonable.

Id. at 9-10.  Accordingly, Judge Fouratt recommended granting the parties' Original Motion to Approve Settlement (ECF No. 57).  Id. at 11.  On August 19, 2022, the parties waived objections to Judge Fouratt's PFRD.  See ECF No. 63 at 12 n.4; ECF No. 64; see also 28 U.S.C. § 636(b)(1); D.N.M.LR-Civ. 72.1.

On October 3, 2023, the Court held a hearing on the parties' Original Motion to Approve Settlement.  See ECF No. 66.  On October 4, 2023, the Court issued a Minute Order indicating that the Court "harbor[ed] strong concerns regarding the fairness of the proposed contingency fee for Plaintiffs' counsel and the structured settlement annuity" as proposed in the settlement agreement and giving the parties an opportunity to file an amended settlement agreement and joint motion to approve settlement.  ECF No. 67.  On November 10, 2023, the parties filed the instant Amended Joint Motion for Approval of the Settlement of Minor's Claims.  ECF No. 70.  According to the Guardian ad Litem's Position on the Amended Joint Motion to Approve Settlement, see ECF No. 70 at 4-7, the sole respects in which the amended settlement agreement differs from the original settlement agreement are that it includes: (1) a decreased contingency fee for Plaintiffs' counsel, Dathan Weems, from 40% to 25%, and (2) an increased net amount available to the minor through the structured settlement annuity, corresponding to an increase in settlement funds available to the minor due to the decreased contingency fee.  Id. at 4-5.

Upon reviewing the record, the Court concurs with Judge Fouratt's findings and recommendations concerning the fairness and reasonableness of the original settlement agreement, except for the tacit finding that a 40% contingency fee for Plaintiffs' counsel is not unreasonable.  See ECF No. 63 at 10 (stating that the court would "not recommend a judicial reduction of [the 40% contingency fee]").  Therefore, I **ADOPT** the PFRD's findings and recommendations about the portions of the original settlement agreement that were included without amendment in the

amended settlement agreement and **FIND AS MOOT** all other findings and recommendations contained in the PFRD.  Further, I find that the 25% contingency fee for Plaintiffs' counsel contained in the amended settlement agreement is fair and reasonable.

Accordingly, **IT IS ORDERED** that the parties' Amended Joint Motion for Approval of the Settlement of Minor's Claims (ECF No. 70) is **GRANTED** and the parties' Joint Motion for Approval of the Settlement of Minor's Claims (ECF No. 57) is **DENIED AS MOOT.**  The settlement, as amended in the manner described in the Guardian Ad Litem's Position on Amended Settlement Agreement and Amended Joint Motion to Approve Settlement and Proposed Distribution of Proceeds (ECF No. 70 at 4-7) and otherwise described in the Sealed Guardian Ad Litem Report (July 17, 2023) (ECF No. 56), is **APPROVED.**

**IT IS FURTHER ORDERED** that M.N.'s share of the settlement be distributed to M.N. through a structured annuity, as described in the Guardian Ad Litem's Position on Amended Settlement Agreement and Amended Joint Motion to Approve Settlement and Proposed Distribution of Proceeds (ECF No. 70 at 4-7).  Specifically, IT IS ORDERED THAT:

(a) Defendants' Insurer ("Insurer") shall make a qualified assignment under Section 130 of the Internal Revenue Code to Pacific Life & Annuity Services, Inc. of its future periodic payment obligations.  Once the assignment is made, Pacific Life & Annuity Services, Inc. shall fund its obligation for such periodic payments by the purchase of an annuity contract from Pacific Life Insurance Company and, in accordance with the terms of said assignment, Pacific Life & Annuity Services, Inc. shall be substituted as obligor of such payments and the Defendants and Insurer shall be released from any further obligation to make said future periodic payments.

(b) Payments shall be distributed to M.N. according to the following schedule:

   a. $5,000.00 payable at age 18 on 1/31/2038.

   b. $10,000.00 payable at age 21 on 1/31/2041.

    c. $44,224.15 payable at age 24 on 1/31/2044.

(c) As the structured settlement annuity set forth in the amended settlement agreement and described in the guardian ad litem's position on amended settlement agreement is in the best interests of M.N. and integral to the Court's determination of fairness and approval of the settlement, the periodic payments pursuant to this agreement cannot be accelerated, deferred, increased or decreased by Plaintiff Brianna Neal, M.N., or any payee; nor shall Plaintiff Brianna Neal, M.N., or any payee have the power to sell, mortgage, pledge, hypothecate, encumber, anticipate, or otherwise transfer the periodic payments, or any part thereof, by assignment or otherwise.

(d) Pursuant to the Structured Settlement Protection Act, NMSA 1978 § 39-1A-4(C) and the Court's jurisdiction, the Court's approval of the settlement expressly prohibits the transfer of the structured settlement payment rights, as reflected herein, at any time, and any attempt by a third-party to access or assign said funds or payments designated for structured settlement annuity allocation shall be considered a violation of this Court's order. Any petition for the transfer of the structured settlement annuity payment rights shall be filed in this Court as a cause of action. Any other purported or attempted sale, transfer, hypothecation, pledge, or other alienation of such payment rights will be a direct violation of this order and shall be wholly void.

**IT IS FURTHER ORDERED** that closing documents must be filed no later than **December 14, 2023.**

**IT IS FURTHER ORDERED** that, upon entry of a final judgment, Ms. Silva has completed her duties and is hereby DISCHARGED from any further duties in this matter.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

4